UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DIAZ, ) | |
| ) | |
| Petitioner ) | |
| ) | No. 07 C 4171 |
| vs. ) | |
| ) | Judge Joan H. Lefkow |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## OPINION AND ORDER

Petitioner David Diaz ("Diaz") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He challenges the sixty-month sentence imposed for his conviction on count III of his indictment, carrying a firearm during the commission of a drug trafficking crime. In his petition, Diaz seeks to have his sentence reduced to time served on two grounds: (1) constitutionally ineffective assistance of counsel during post trial, sentencing, and direct appeal procedures, and (2) this court's alleged abuse of discretion in finding Diaz guilty of count III under a theory of liability based on *Pinkerton* v. *United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946). Diaz also requests an evidentiary hearing. For the following reasons, Diaz's petition is denied.

## BACKGROUND

On January 8, 2002, Diaz was arrested along with two others, Joel Castaneda ("Castaneda") and Aureo Almazan ("Almazan"), for participating in a drug deal. On March 7, 2002, a federal grand jury issued a three count indictment against the three men, charging them with conspiracy to possess 500 grams or more of cocaine with intent to distribute (count I), possession of two kilograms of cocaine with intent to distribute (count II), and carrying a firearm

1

during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count III). After initially pleading not guilty to all charges, Diaz voluntarily changed his plea to guilty on counts I and II on November 8, 2002. Diaz proceeded to a bench trial on count III and, on October 30, 2003, was found guilty of this count. The court concluded that, while the government had not proven beyond a reasonable doubt that Diaz carried a firearm to the scene of the drug transaction, under *Pinkerton*, the government had demonstrated that it was reasonably foreseeable that one of Diaz's coconspirators would carry a firearm during and in relation to the conspiracy, thus warranting his conviction under § 924(c).

After the court's decision, Diaz timely renewed his motion for judgment of acquittal and also moved for a new trial. In support of both motions, he argued that (1) the court applied an incorrect legal standard regarding the government's burden of proof beyond a reasonable doubt, effectively and impermissibly shifting the burden of proof to Diaz; (2) Castaneda's testimony was substantially impeached such that the court could not have an abiding conviction of Diaz's guilt on count III; and (3) the evidence at trial established a simple buyer-seller relationship between Diaz and Castaneda such that Diaz could not be held accountable for Castaneda's actions under a *Pinkerton* theory of liability. The court denied these motions, finding that Diaz's first argument was without merit as the evidence demonstrated that the size of the transaction made it reasonably foreseeable that firearms would be present, that the court did not need to consider Diaz's second argument as a result, and that Diaz had waived his right to contest the existence of a conspiracy by pleading guilty to count I, the conspiracy charge.

On January 5, 2006, Diaz was sentenced to a total of 120 months in prison, 60 months on counts I and II and an additional 60 months to run consecutively on count III. On January 13, he filed a notice of appeal to the Seventh Circuit. After his retained trial counsel withdrew due to

Diaz's inability to pay for his representation, the federal defender was appointed as Diaz's appellate counsel. Upon review of the record, Diaz's appointed counsel concluded that Diaz had no non-frivolous bases for his appeal and so filed an *Anders* brief seeking to withdraw on September 8, 2006. *See Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The Seventh Circuit wrote Diaz to inform him that his attorney had filed an *Anders* brief and to advise him that he had thirty days to inform the court of reasons why his conviction should be set aside. The letter also advised Diaz that if he did not respond within thirty days, the court could affirm or dismiss his appeal, effectively finalizing his case. Diaz did not respond. Consequently, on December 8, 2006, upon examining the potential bases for appeal identified in the *Anders* brief and finding them frivolous, the Seventh Circuit accepted counsel's motion to withdraw and dismissed Diaz's appeal. *United States* v. *Diaz*, 207 Fed. App'x 705 (7th Cir. 2006). On July 23, 2007, Diaz filed this timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Relief under § 2255 "is reserved for extraordinary circumstances." *United States* v. *Hays*, 397 F.3d 564, 566 (7th Cir. 2005) (citations and internal quotation marks omitted). A district court must grant a § 2255 motion to vacate, set aside, or correct a sentence when the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id*. at 566–67 (citations and internal quotation marks omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Cooper* v. *United States*, 378 F.3d 638, 641–42 (7th Cir. 2004)

(district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a hearing).

**I.      Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland* v. *Washington,* 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner "bears a heavy burden in establishing an ineffective assistance of counsel claim," *United States* v. *Trevino*, 600 F.3d 333, 338 (7th Cir. 1995), particularly since the *Strickland* test "is highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States* v. *Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (internal quotation marks omitted).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the court to specific acts or omissions of his counsel. *Fountain* v. *United States,* 211 F.3d 429, 434 (7th Cir. 2000) (citing *Trevino,* 60 F.3d at 338). The court must then consider whether, in light of all of the circumstances, counsel's performance was outside the range of professionally competent assistance. *Id.* Counsel's performance must be evaluated while remembering that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court need not address both prongs of the *Strickland* test if one provides the answer; that is, if a court determines that

the alleged deficiency did not prejudice the defendant, the court need not consider the first prong. *United States* v. *Fudge*, 325 F.3d 910, 924 (7th Cir. 2003) (citing *Matheney* v. *Anderson*, 253 F.3d 1025, 1042 (7th Cir. 2001)).

A. **Post-trial and sentencing**

Diaz contends that he received ineffective assistance of counsel at the post-trial and sentencing phases based on (1) his counsel's failure to challenge the government's and court's adoption of a *Pinkerton* theory of liability, and (2) his counsel's failure to introduce and rely on *Bailey* v. *United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), in arguing against conviction on count III.

With respect to Mr. Diaz's first allegation, the record shows that, contrary to his claims, his counsel did in fact challenge the court's adoption of *Pinkerton* liability in post-trial motions. *See* Def.'s Renewed Mot. for J. of Acquittal, R. 82. Counsel argued that Diaz could not be held liable under *Pinkerton* because the government had not demonstrated that a conspiratorial relationship existed between Diaz and Castaneda at trial. *Id.* at 9–13. Further, counsel contended that, even under *Pinkerton*, the evidence produced at trial did not establish that it was reasonably foreseeable that Castaneda or Almazan would be carrying a firearm during the drug transaction. *See id.* at 3–6. While forced to accept the court's decision on count III at the sentencing phase, counsel advocated for a lower sentence than required by statute, claiming that a reduction was warranted because Diaz was found guilty on count III only on a theory of *Pinkerton* liability. Def.'s Objections to the Pre-Sentence Investigation Report at 5–7, R. 97. Diaz cannot now claim that he had ineffective assistance of counsel post-trial where the record clearly indicates that his counsel did the very thing he contends they failed to do: advocate against his conviction under a *Pinkerton* theory of liability and attempt to mitigate this finding at

5

sentencing. The fact that this court did not accept counsel's arguments does not render counsel's assistance ineffective.

Diaz is correct in noting that trial counsel did not rely on *Bailey* in contesting his conviction on count III. This decision, however, amounts to reasonable trial strategy based on the facts and the existing law, a decision this court should not second guess. *See Strickland*, 466 U.S. at 689; *Williams*, 106 F.3d at 1367. Even if the court were to find that counsel's performance was deficient under the first prong of *Strickland*, Diaz cannot demonstrate prejudice, as *Bailey* would not have changed the outcome of the case. *Bailey* addressed the construction of the term "use" in § 924(c)(1), holding that the government must establish that "the defendant actively employed the firearm during and in relation to the predicate crime" in order to sustain a conviction under the "use" prong. *Bailey*, 516 U.S. at 150. The Court's decision, however, did not affect the "carry" prong under which Diaz was charged. The Supreme Court noted that "[t]he 'carry' prong . . . brings some offenders who would not satisfy the 'use' prong within the reach of the statute," thus explicitly recognizing the limited effect of its decision. *Id.* Further, the Seventh Circuit has stated that "[i]t is beyond argument in this circuit that the rule of co-conspirator liability announced in *Pinkerton* applies to § 924(c) convictions, and that *Bailey* did nothing to alter this rule." *Woodruff* v. *United States*, 131 F.3d 1238, 1243 (7th Cir. 1997). Consequently, the law is clear that *Bailey* does not bear on the count at issue and would not have affected the outcome if relied upon. Thus, neither of Diaz's contentions with regard to post-trial and sentencing amount to ineffective assistance of counsel.

### B.     Appeal

Diaz alleges that he was provided with ineffective assistance of counsel on appeal due to (1) his trial counsel's refusal to proceed with his appeal and (2) his appellate counsel's filing of an *Anders* brief without notifying him.

Although trial counsel advised Diaz to seek other counsel for his appeal, counsel proceeded to file a timely notice of appeal on January 12, 2006 in order to preserve Diaz's appellate rights. *See* Notice of Appeal, R. 129; Mot. to Proceed on Appeal *In Forma Pauperis* and for Appointment of New Counsel and Mot. to Withdraw as Counsel of Record ¶ 5, R. 138. Subsequently, trial counsel sought leave to withdraw as counsel of record in Diaz's case, noting that Diaz and his family did not have the resources to retain counsel to pursue his appeal. R 138 at ¶¶ 5, 8. Trial counsel's advice that Diaz seek other counsel for his appeal does not fall outside the bounds of objective reasonableness. While Diaz had a right to effective representation on appeal, his trial counsel's withdrawal did not deprive him of it as trial counsel filed the notice of appeal and Diaz had appellate counsel appointed, allowing him to proceed with the appeal. The fact that trial counsel acted to preserve Diaz's right to appeal and that appellate counsel was subsequently appointed for him further undermines Diaz's claim.

Appellate counsel's filing of an *Anders* brief similarly does not amount to ineffective assistance. The right to representation on appeal does not mean that Diaz had the right to have counsel present frivolous arguments to the appellate court. *See McCoy* v. *Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 438, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988) ("An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal."); *Betts* v. *Litscher*, 241 F.3d 594, 596 (7th Cir. 2001) ("[C]ounsel need not pursue a frivolous appeal but may withdraw rather than violate standards of ethical conduct.").

In *Anders*, the Supreme Court mandated a procedure counsel must follow in withdrawing from an appeal it finds frivolous after having made a "conscientious examination" of the record. 386 U.S. at 744. Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal," a copy of the brief must be provided to the defendant, and the defendant must be given time to raise any of his own arguments. *Id.* Once these procedural requirements are complied with, the appellate court is to decide if the case is "wholly frivolous" and, if so, may grant the request to withdraw and dismiss the appeal. *Id.*

Having found Diaz's appeal frivolous, counsel followed the appropriate procedures for withdrawal. Counsel filed a brief outlining potential bases for appeal, Diaz received a copy of the brief, and Diaz was given 30 days to respond. While counsel did not consult with Diaz prior to withdrawing, such consultation is not constitutionally required. *See United States ex rel. Russo* v. *Attorney Gen. of Ill.*, 780 F.2d 712, 715 (7th Cir. 1986) ("[A]lthough actual consultation with the defendant prior to the filing of the request to withdraw and accompanying *Anders* brief is highly desirable, it is not constitutionally required." (citation omitted)). Diaz has not provided any reasons for his failure to respond and therefore the Seventh Circuit's dismissal is not called into question. Because appellate counsel complied with the constitutional requirements for withdrawal, Diaz has no claim that he was deprived of effective assistance of counsel.

## II.     The District Court's Abuse of Discretion

Diaz also alleges that this court abused its discretion by relying on a *Pinkerton* theory of liability in finding him guilty of count III. The Seventh Circuit, in deciding appellate counsel's motion to withdraw, considered whether Diaz could challenge this court's denial of his post-trial motion for a judgment of acquittal on count III under *Pinkerton* and found that doing so would

8

be frivolous because "the evidence was more than sufficient to support a finding that it was reasonably foreseeable to Diaz that his cohorts would be armed at the drug deal." *Diaz*, 207 Fed. App'x at 709. Because the appellate court considered the issue underlying Diaz's current assertion of abuse of discretion on direct appeal, this court cannot now reconsider its finding of liability under *Pinkerton* on a § 2255 motion absent changed circumstances. *Varela* v. *United States*, 481 F.3d 932, 935–36 (7th Cir. 2007) (citations omitted). Because Diaz has not presented any changed circumstances that would merit reconsideration of the issue and the court will not do so.[1]

## III. Evidentiary Hearing

Diaz has "failed to offer the district court any objective facts outside the trial record that would warrant an evidentiary hearing," *Cooper*, 378 F.3d at 641. Further, his petition, the government's response, and the record in the case have conclusively demonstrated that Diaz is not entitled to any relief under § 2255. As such, his request for an evidentiary hearing, subsumed in his § 2255 motion, will be denied.

## CONCLUSION AND ORDER

For the foregoing reasons, Diaz's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby denied.

Dated: Oct. 26, 2009          Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge

---

[1] In his reply, Diaz also argues that the court abused its discretion in the § 2255 proceedings by refusing to enter a judgment of default after the government allegedly did not comply with the established time limits for filing responsive briefs. Setting aside that a judgment of default against the government would never be appropriate, the court notes, as it did in its minute order on the issue, that the government actually did comply with the deadlines, as the docket reflects a filing by the government on September 24, 2007, when such filing was due. *See* Dkt. Nos. 6, 9.

9